IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| GROVER L. BATTLE, Jr., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | Civil Action No. 03-1062 |
| JACKIE MARQUARDT, Record ) | |
| Supervisor, KEVIN FUTATO, Records ) | |
| Specialist, and ROBERT GREEVY, ) | |
| Assistant Counsel Pennsylvania ) | Chief Judge Donetta F. Ambrose |
| Board of Probation and Parole, ) | Magistrate Judge Amy Reynolds Hay |
| ) | |
| Defendants ) | |
| ) | |
| ) | Doc. No. 65. |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is respectfully recommended that the Defendants' summary judgment motion (Doc. 65) be granted.

REPORT

Grover L. Battle, Jr. ("Plaintiff"), a state prisoner, has brought a civil rights action pursuant to 42 U.S.C. § 1983, seeking damages against three defendants for their roles in allegedly calculating his sentence improperly which, he contends, caused him to be confined beyond the maximum term of his sentence.  He also sought an order from this court directing

Defendants to correct his records to "[r]eflect Plaintiff[']s Sentence has been served in full."  Doc. 3 at ¶ 20(A).[1]

Presently before the court is the Defendants' motion for summary judgment, wherein Defendant raised the bar of <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994).  Because success in this suit would necessarily call into question the validity of his detention, and because Plaintiff has not had his sentence "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" he is barred by <u>Heck v. Humphrey</u> from proceeding in this civil rights suit.

Summary judgment may be granted against a party who fails to adduce evidence of facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).  The moving party bears the initial burden of pointing out the absence of evidence to support the nonmoving party's burden.  <u>Walters ex rel. Walters v. General Motors Corp.</u>, 209 F.Supp.2d 481, 484 (W.D. Pa. 2002).  Once that burden has been met, the non-moving party must set forth

---

[1]  This case was previously the subject of a motion to dismiss and a report and recommendation (Doc. 34) addressing that motion.  Familiarity with that report and recommendation as well as the District Court's order (Doc. 38) adopting the report and recommendation is presumed.

2

"specific facts showing that there is a genuine issue for trial . . ." or the factual record will be taken as presented by the moving party and judgment will be entered against the non-movant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  In short, the summary judgment motion is an evidence testing device to see if there is sufficient evidence to support a party's position with respect to an issue for which that party bears the burden of proof at trial so as to justify holding a trial.  See, e.g., Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1989)("there is no issue for trial unless there is sufficient evidence favoring the non moving party for a jury to return a verdict for the party.");  Albiero v. City of Kankakee, 246 F.3d 927, 933 (7th Cir. 2001).

When he brought this action, Plaintiff was still incarcerated on the sentence which was alleged to have been improperly calculated.  During the pendency of this suit, Plaintiff was released from the sentence he sought to challenge. In the earlier motion to dismiss, the Defendants raised the defense that Heck v. Humphrey, 512 U.S. 477 (1994) barred this suit because it sought to challenge the validity of his sentence as calculated by the Defendants but he had failed to meet the favorable termination requirement of Heck before bringing this suit.  In the prior report and recommendation addressing the motion to dismiss, the court noted the apparently confused state

of the law with respect to whether Heck bars a person no longer serving a sentence to challenge that sentence via a civil rights action where the person cannot file a federal habeas petition.

The court recommended denial of the Defendants' motion to dismiss, based for the most part, on the narrow standard of review for granting a motion to dismiss, i.e., a motion to dismiss should not be granted unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Doc. 34 at 17, citing Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001).  The court reasoned as follows:

> Heck **may** apply here to bar Plaintiff's suit.  First, Heck itself says that a plaintiff may not bring a civil rights action that necessarily impugns the plaintiff's state conviction or sentence unless he has first successfully impugned that conviction or sentence by succeeding in having it "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, **or** called into question by a federal court's issuance of a writ of habeas corpus[.]" Heck (emphasis added).  Thus, there are several ways to meet Heck's requirement to have doubt cast on the conviction/sentence other than by a federal court's issuing a writ of habeas corpus.  Hence, the mere unavailability of the federal writ of habeas corpus (which is merely one of the methodologies listed in Heck) should not necessarily render Heck's requirement null and void so long as there was some other state law method available to call into question the conviction/sentence.  Here, Plaintiff has not contended that there is no state law method of impugning his sentence, although it is not clear in the procedural posture of this case, Plaintiff has a burden to do so.1  The court is considering Defendants' motion to dismiss, which cannot be granted unless it is clear that no relief could be afforded under any set of facts that could be proved consistent with the allegations.

4

Doe v. Delie, 257 F.3d at 313. There does exist a possible set of facts where Plaintiff has no state law remedy as well as no federal habeas remedy. Under such a possible state of facts, Heck may not apply so as to bar a Section 1983 suit. See Spencer v. Kemna, concurring and dissenting opinions; Nonette v. Small; Huang v. Johnson. Because there exists the possibility of such a state of facts, Defendants' motion to dismiss based on the contention that Heck **necessarily** applies to this case, must be denied.

---

1  At the summary judgment stage, Plaintiff may have such a burden to show that despite the unavailability of a federal habeas petition now, he does not still have available to him a state law means of calling into question his sentence calculation. See, e.g., Avery v. Nicol, 208 F.3d 212 (Table), 2000 WL 282903, *2 (6th Cir. 2000)("The plaintiff bears the burden of showing that his claims are not barred by *Heck*."); Figueroa v. Rivera, 147 F.3d 77, 81 (1st Cir. 1998)(referring to "*Heck*'s core holding: that annulment of the underlying conviction is an element of a section 1983 'unconstitutional conviction' claim. See [*Heck*,] 512 U.S. at 487, 114 S.Ct. 2364. Creating an equitable exception to this tenet not only would fly in the teeth of *Heck*, but also would contravene the settled rule that a section 1983 claimant bears the burden of proving all the essential elements of her cause of action.").

Doc. 34 at 16-17.

Instantly, as pointed out by the Defendants, Plaintiff does have a state law remedy available to him, namely, a petition for mandamus, which Plaintiff has filed and, at the time the Defendants filed their motion for summary judgment, was still pending in the Commonwealth Court and which could have resulted in the Defendants being ordered to calculate his sentence correctly, if indeed, it was calculated incorrectly. Doc. 65-2 and 65-3.

5

The Court takes judicial notice of the fact that on February 1, 2006, the Commonwealth Court denied his petition for mandamus as moot[2] and that Plaintiff has a presently pending appeal as of right to the Pennsylvania Supreme Court.[3] Hence, because there is available to Plaintiff one of the methods mentioned in Heck by which he can call into question the validity of his sentence, he is barred by Heck from proceeding with this suit until and unless he has successfully had his sentence called into question. See, e.g., Nance v. Vieregge, 147 F.3d 589, 591-92 (7th Cir. 1998)("Although five Justices concluded in *Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), that the approach of *Heck* does not govern when other relief is impossible, Nance does not contend that he satisfies that condition. Like other states, Illinois allows a governor to pardon a released prisoner and offers a remedy along the lines of coram nobis to wipe out lingering civil disabilities; some of these options may remain open to Nance.").

---

[2] Plaintiff's mandamus petition was filed at Battle v. Pa. Dept. Of Corrections, No. 727 MD 2004 (Commonwealth Court). The Commonwealth Court's docket for Plaintiff's mandamus case in that court is available at

http://ujsportal.pacourts.us/WebDocketSheets/PACMSWebDocketSheets.aspx

[3] Plaintiff's appeal was filed on February 27, 2006 and docketed at Battle v. Pa. Dept. Of Corrections, No. 25 MAP 2006 (Pa. Supreme Court). The docket is available at the website noted in footnote 1.

In reaching this conclusion, the court relies on the recently decided case of Gilles v. Davis, 427 F.3d 197 (3d Cir. 2005).

As noted in the prior report, the question of whether Heck bars a person who no longer has a means of challenging their sentence by way of a federal habeas petition because that person was no longer subject to that sentence was a difficult and unsettled question. See Doc. 34 at 13-16.[4]  However, in this Circuit, it no longer appears to be an unsettled question, as the Court of Appeals in Gilles v. Davis held that Heck **does** bar a person no longer in custody, and hence, not able to bring a federal habeas petition, from proceeding with a civil rights suit that calls into question the validity of his conviction or confinement.

In Gilles, one of the plaintiffs by the name of Petit had been arrested for taking a video recording of police. He was arrested for, inter alia, disorderly conduct.  Petit was permitted to go into an Accelerated Rehabilitation Disposition

---

[4]  The Court notes that this question has been the subject of conflicting opinions.  Compare Nonette v. Small, 316 F.3d 872 (9th Cir. 2002)(holds that Heck does not bar the civil rights action where the person is no longer subject to the challenged sentence) and Huang v. Johnson, 251 F.3d 65, 73-75 (2d Cir. 2001) (same) with  Randell v. Johnson, 227 F.3d 300, 301-02 (5th Cir. 2000)(holds that Heck applies to bar a civil rights suit even where habeas is no longer available) and Vickers v. Donahue, 137 Fed. Appx. 285 (11th Cir. June 28, 2005) (Section 1983 by individual no longer in custody that would imply the invalidity of the order of revocation and nine month sentence was *Heck* barred)

("ARD"), which enabled the charges to be expunged. Petit then brought a civil rights action in federal court and sought damages, alleging that his arrest for disorderly conduct violated his First Amendment rights.[5]  The District Court held that Petit's claims were barred by Heck.  The Court of Appeals affirmed over the dissent of Judge Fuentes.

The Court of Appeals noted that Petit went into an ARD program and that following his participation in that program, i.e., a probationary period, his criminal record was expunged. He served no time in jail. Gilles v. Davis, No. 03-CV-529 (W.D. Pa. Doc. 64 at 8, memorandum opinion).  The Court of Appeals held Heck to bar the civil rights suit because it would necessarily call into question Petit's conviction.  In doing so, the Court noted that

> We recognize that concurring and dissenting opinions in *Spencer v. Kemna*, 523 U.S. 1 (1998), question the applicability of *Heck* to an individual, such as Petit, who has no recourse under the habeas statute. . . . . But these opinions do not affect our conclusion that *Heck* applies to Petit's claims.  We doubt that *Heck* has been undermined, but to the extent its continued validity has been called into question, we join on this point, our sister courts of appeals for the First and Fifth Circuits in following the Supreme Court's admonition "to lower federal courts to follow its directly applicable precedent, even if that precedent appears weakened by pronouncements in its subsequent

---

[5] To the extent that the facts of the case are not explicit in the Court of Appeals opinion, the court takes judicial notice of the complaint and the record in that case which was filed in this District.  Gilles v. Davis, No. 03-CV-529 (W.D. Pa. Filed 4/17/03). See id., Doc. No. 34 at ¶¶ 41-42 (Second Amended Complaint, alleging violation of Petit's First Amendment rights).

>  decisions, and to leave to the Court 'the prerogative of overruling its own decisions.' " *Figueroa v. Rivera,* 147 F.3d 77, 81 n. 3 (1st Cir.1998) (citing *Agostini v. Felton,* 521 U.S. 203, 237 (1997)); *see Randell v. Johnson,* 227 F.3d 300, 301-02 (5th Cir. 2000).

Gilles, 427 F.3d at 209-10.  The Court of Appeals held this notwithstanding a dissent by Judge Fuentes who pointed out that at the time Petit had filed his civil rights action, he had more than likely already completed his ARD and therefore could not be said to have been in custody so as to be able to file a federal habeas petition.  Judge Fuentes also noted that even if Petit had not completed the ARD program by the time he filed his civil rights action, the conditions of Petit's ARD were so not restrictive as to satisfy the "in custody" jurisdictional requirement of federal habeas jurisprudence.  Judge Fuentes dissented based on his reading of Spencer v. Kemna, and would have held that because Petit could not have filed a federal petition for habeas corpus, Heck did not bar his suit.  Notwithstanding the dissent, the Court of Appeals held that Heck barred Petit's federal civil rights suit.

Although there are some differences between Gilles and the instant case of Grover Battle, those differences appear to militate in favor of applying Heck.  Whereas Petit was apparently never "in custody" and so could never have filed a federal habeas petition, Battle was "in custody" on the challenged sentence and could have filed a habeas petition while incarcerated on the

9

challenged sentence but he did not do so.  See, e.g., Cunningham v. Gates, 312 F.3d 1148, 1153 n.3 (9th Cir. 2002)("Cunningham argues that his situation is akin to those who are 'not in custody' because he is time-barred from seeking habeas relief. We decline to hold that Cunningham's failure timely to pursue habeas remedies takes his § 1983 claim out of Heck's purview."). Moreover, while in Petit's case, there did not seem to be any available state remedy, at least, none was discussed, the record in Battle's case affirmatively shows that he has an avenue other than the federal habeas petition, i.e., the state petition for mandamus, by which to challenge his sentence, and which, if successful, could open the doors to a properly filed civil rights action in federal court.  Hence, the situation in Gilles, if anything, presented a more compelling case for carving out an exception to the Heck favorable termination rule, as the dissenting and concurring opinions in Spencer v. Kemna, would do, and yet the Court of Appeals did not do so.  Accordingly, it is recommended that the summary judgment motion filed by Defendants be granted and that judgment be entered in their favor against Plaintiff.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections

shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

                                        Respectfully submitted,

                                        /s/ Amy Reynolds Hay
                                        AMY REYNOLDS HAY
                                        United States Magistrate Judge

Dated:   30 March, 2006

cc:   The Honorable Donetta W. Ambrose
      Chief United States District Judge

      Grover L. Battle, Jr.
      FY-7488
      SRCF Mercer
      801 Butler Pike
      Mercer, PA 16137

      Kemal Alexander Mericli
      Office of the Attorney General
      564 Forbes Avenue
      6th Floor, Manor Complex
      Pittsburgh, PA 15219